**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL WOODS,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>DERAL ADAMS, Warden,<br><br>　　　　Respondent. | Case No. SACV 06-69-AG (JWJ)<br><br>**ORDER TO SHOW CAUSE REGARDING UNEXHAUSTED CLAIM IN FIRST AMENDED PETITION** |

　　　This Court has reviewed the "First Amended Petition" and the "Memorandum in Support of First Amended Petition" filed by Petitioner Michael Woods ("Petitioner"), Respondent Deral Adams' ("Respondent") Answer to the First Amended Petition, and Petitioner's Traverse to Respondent's Answer.

　　　The Court notes that Petitioner has not used the Central District Court's form "Petition for Writ of Habeas Corpus," Form CV-69, as required by Rule 2(d) of the Rules Governing § 2254 Cases and Central District Court Local Rule 83-16.1. As a consequence, the Court notes its uncertainty over the number of claims that Petitioner intends to present in the instant First Amended Petition and whether all of the claims that Petitioner intends to present have been exhausted.

1    The first section of the First Amended Petition apparently presents two
2 grounds for relief:  (1) the prosecution at Petitioner's state-court trial deprived
3 Petitioner of his federal constitutional rights by "manipulating the timing of a plea
4 agreement with a critical witness . . . so as to render that witness unavailable" and
5 (2) the trial court violated Petitioner's due process rights and Petitioner's right to
6 present a defense by ruling that the unavailable "witness was entitled to claim a
7 Fifth Amendment privilege against self-incrimination."  (See First Amended
8 Petition ["FAP"] 1:25-2:2.)  These two grounds for relief are not numbered, and
9 no other grounds for relief are presented in this first section of the First Amended
10 Petition.  This Court construes these grounds for relief as presenting claims that:
11 (1) Petitioner's rights were violated by prosecutorial misconduct when the
12 prosecutor effectively caused witness John Sheridan ("Sheridan") to invoke the
13 Fifth Amendment, and then the prosecutor refused to consummate a plea bargain
14 with Sheridan and refused to grant Sheridan use immunity so that Sheridan might
15 then testify for the defense; and (2) the trial judge improperly allowed Sheridan to
16 invoke the Fifth Amendment and refuse to testify.  The last reasoned decision of
17 the California state courts, set forth in the unpublished opinion People v. Woods,
18 120 Cal. App. 4th 929, 16 Cal. Rptr. 3d 174 (2004) ("Woods"), addresses these
19 two grounds for relief.  Respondent's Answer to the First Amended Petition also
20 addresses these two grounds for relief.

21    However, this Court's screening of the First Amended Petition reveals that a
22 third ground for relief is apparently presented. Beginning at page 16, section XI of
23 the First Amended Petition , Petitioner argues that out-of-court statements from
24 the unavailable witness Sheridan were improperly introduced at Petitioner's trial.
25 (See FAP 16:28-18:18.)  In particular, this Court notes Petitioner's claim that out-
26 of-court statements by Sheridan to Xavier Cabrera ("Cabrera") and to Frank
27 Salerno ("Salerno") were improperly introduced by the prosecution during cross-
28 examination of Petitioner's defense witnesses.  (See FAP 17:10-18:8.)  In

1  Petitioner's "Memorandum in Support of First Amended Petition" (sometimes
2  cited hereinafter as "FAP Mem"), Petitioner cites <u>Crawford v. Washington</u>, 541
3  U.S. 36, 57, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) for the proposition that
4  "[i]t has been clearly established by the Supreme Court that the Sixth
5  Amendment prohibits introduction of 'accomplice confessions where the
6  defendant had no opportunity to cross-examine'." (FAP Mem 24:13-15.)
7  Petitioner also argues that "Sheridan's absence necessarily prevented defendant
8  from challenging extraordinarily prejudicial hearsay as he was constitutionally
9  entitled to do, <u>i.e.</u>, by means of cross-examination, as <u>Crawford</u> and related
10 precedent require." (FAP Mem 25:1-3.) Taken together, it appears that
11 Petitioner is advancing a third ground relief based on <u>Crawford</u> confrontation
12 violations, apart from the claims in ground one for prosecutorial misconduct and
13 ground two for the trial court's alleged error in allowing Sheridan to invoke the
14 Fifth Amendment privilege.
15      Petitioner states that he filed direct appeals from his conviction in the
16 California Court of Appeals (which issued the <u>Woods</u> decision) and the California
17 Supreme Court. (<u>See</u> FAP 3:19-23.) Petitioner did not file any petitions for
18 collateral review in the state courts. Accordingly, in order to exhaust the three
19 claims that this Court finds presented in the First Amended Petition, Petitioner
20 had to present those claims in his Petition for Review to the California Supreme
21 Court. <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994) (exhaustion requires
22 that the petitioner's contentions be fairly presented to the highest court of the
23 state). A claim has not been fairly presented to the state's highest court unless the
24 petitioner has described in the state court proceedings both the operative facts and
25 the federal legal theory on which his claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513
26 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); <u>Weaver v. Thompson</u>,
27 197 F.3d 359, 364 (9th Cir. 1999).
28 ///

1   This Court's review of Petitioner's Petition for Review to the California
2   Supreme Court reveals that Petitioner's <u>Crawford</u> claim, ground three as described
3   above, has not been presented to the California Supreme Court or exhausted.
4   (<u>See</u> Lodgment no. 2.)  While Petitioner does cite <u>Crawford</u> twice in the Petition
5   for Review, it is only in regard to Petitioner's prosecutorial misconduct claim, in
6   the context of disputing the Court of Appeal's opinion in <u>Woods</u> that the
7   prosecutor's misconduct prevented Sheridan from testifying.  (<u>See</u> Lodgment no.
8   2, pages 10, 17.)  No independent claim that introduction of Sheridan's
9   statements – and in particular Sheridan's statements to Cabrera and Salerno, as
10  set forth in the First Amended Petition – is presented in the Petition for Review to
11  the California Supreme Court.
12  In sum, this Court requires clarification as to whether Petitioner intends to
13  present a third ground for relief in the First Amended Petition based on alleged
14  violations of <u>Crawford v. Washington</u>.  If so, this claim appears unexhausted.

## **ORDER**

17  Accordingly, in light of all of the foregoing,
18  **IT IS HEREBY ORDERED AS FOLLOWS:**
19  1.   Petitioner shall have **thirty (30) days from the date of this Order**
20  to file a Response to this Order to Show Cause, advising the Court whether
21  Petitioner is presenting a third ground for relief in the First Amended Petition
22  based on <u>Crawford v. Washington</u> and as described at Section XI, pages 16
23  through 18 in the First Amended Petition.
24  2.   If Petitioner is <u>not</u> presenting a third ground for relief based on
25  <u>Crawford v. Washington</u> in the First Amended Petition, Petitioner shall so advise
26  the Court and the Court will rule on the parties' briefs as submitted.
27  3.   If Petitioner is presenting a third ground for relief based on <u>Crawford</u>
28  <u>v. Washington</u> in the First Amended Petition, Petitioner shall advise the Court

-4-

1  whether Petitioner claims that this <u>Crawford</u> claim has been exhausted; or, if
2  Petitioner concedes that the claim is not exhausted and the First Amended
3  Petition is a "mixed" petition containing both exhausted and unexhausted claims,
4  Petitioner shall advise the Court whether Petitioner elects to voluntarily dismiss
5  this third claim from the First Amended Petition, or whether Petitioner desires
6  that this Court stay this action and hold this case in abeyance while Petitioner
7  returns to state court to exhaust this third claim.  (<u>See</u> <u>Rhines v. Weber</u>, 544 U.S.
8  269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (federal district court has
9  discretion to stay mixed habeas petition to allow petitioner to present his
10 unexhausted claims to state court and then to return to federal court for review of
11 perfected petition).  <u>See also</u> 28 U.S.C.A. § 2254(b)(1)(A).

   Failure to file a response to this Order within thirty (30) days may result in a Report and Recommendation recommending that the First Amended Petition be dismissed as a "mixed" petition, or that this action be dismissed for failure to prosecute.

   **IT IS SO ORDERED.**

DATED:  September 11, 2008


                                              /s/
                                    JEFFREY W. JOHNSON
                                    United States Magistrate Judge